UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD DANIELS,

                Plaintiff,         Civil Action No. 14-10609
                                                    Honorable Denise Page Hood
v.                                          Magistrate Judge David R. Grand

BENNY NAPOLEON, *et al.*,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT [1] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
41(b), AND TO DENY DEFENDANTS' MOTION TO DISMISS [21] AS MOOT**

**I.    PROCEDURAL HISTORY**

This is a prisoner civil rights case filed by Plaintiff Reginald Daniels ("Daniels") on February 7, 2014. (Doc. #1). On April 21, 2014, the Hon. Denise Page Hood referred this case to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. (Doc. #16).

On June 12, 2014, Defendants Sheriff Benny Napoleon, Cpl. Lau, Cpl. McMillan, Cpl. Kozlowski, Sgt. Huff, Sgt. Troszak, Nurse Lonburger, and Ofc. Wolons (collectively "Defendants") filed a motion to dismiss, arguing that Daniels' complaint fails to state a claim upon which relief can be granted. (Doc. #21). The next day, June 13, 2014, this Court issued an order advising Daniels that his response to Defendants' motion must be filed on or before July 17, 2014. (Doc. #22). Daniels was specifically informed that, "**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**" (*Id.*).

On July 18, 2014, when Daniels had failed to file a timely response to Defendants' motion, the Court issued an Order to Show Cause, ordering Daniels to show cause, in writing, on

or before August 1, 2014, why this Court should not recommend that his complaint be dismissed. (Doc. #23).  In the alternative, Daniels was advised that he could file a response to Defendants' motion by August 1, 2014.  (*Id.* at 2).  In that Order, Daniels was warned that, "Failure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, will result in a recommendation that Defendants' motion be granted and that Plaintiff's action be dismissed under Rule 41(b)." (*Id.*).  A review of the docket indicates that Daniels has neither responded in writing to the Court's Order to Show Cause, nor filed a response to Defendants' motion.[1]

## II.    ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id.*

---

[1] None of the Court's Orders (which were served by mail on Daniels) have been returned to the Court as undeliverable.

at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.  The Court warned Daniels that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause.  (Doc. #22, 23).  Yet Daniels failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal.  As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Daniels' apparent

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.

abandonment of his claims.  Finally, given Daniels' failure to file responses as ordered,[3] the Court sees no utility in considering or imposing a lesser sanction.  Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."  *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Here, for the reasons discussed above, Daniels has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims.  Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

## III.  RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint **[1]** and his claims against Defendants Sheriff Benny Napoleon, Cpl. Lau, Cpl. McMillan, Cpl. Kozlowski, Sgt. Huff, Sgt. Troszak, Nurse Lonburger, and Ofc. Wolons be **DISMISSED WITH PREJUDICE,** and that Defendants' Motion to Dismiss **[21]** be **DENIED** as **MOOT**.

Dated: August 15, 2014                          s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge

---

[3] Indeed, after he filed his complaint on February 7, 2014, Daniels has not filed any subsequent pleadings or otherwise indicated a desire to continue to pursue his lawsuit.

4

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2014.

    s/Eddrey O. Butts
    EDDREY O. BUTTS
    Case Manager